UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE SPRUEL,<br><br>           Plaintiff,<br>    v.<br><br>KING COUNTY, SEATTLE, WA,<br><br>           Defendant. | CASE NO. C17-1095-JCC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff Spruel filed a pro se complaint in King County Superior Court on July 11, 2017 naming "County King County" as Defendant (Dkt. No. 1-3). Spruel personally delivered the summons and complaint to an administrative assistant at the Seattle Mayor's Office. (Dkt. No. 11 at 3.) While difficult to follow, the complaint appears to indicate Spruel suffered physical injury from an unknown attacker in and around "august – October 2013." (Dkt. No. 1-3 at 1.) Spruel claims that she attempted to contact law enforcement in Des Moines and Seattle at that time but was rebuffed. (*Id.* at 2–3.)

Spruel alleges the following causes of action: "Making a false and misleading statement

1 unto a public official 9A.76.175," "Official misconduct 9A.80.010," "Equal rights under the law
2 42 U.S. Code Chapter 21 Sub chapter one–generally . . . R.S. § 1977; Pub L. 102–166, title I,
3 § 101, Nov. 21, 1991, 105 Stat. 1071)," and "obstructing justice: intimidating party, witness, or
4 juror." (Dkt. No. 1-3 at 4.)

Defendant City of Seattle removed the matter to this Court based on its allegation that Spruel's claims presented a federal question. (Dkt. No. 1-1) (citing 42 U.S.C. § 1981 as the federal question). Defendant City of Seattle now moves to dismiss the complaint with prejudice under Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 41(b). (Dkt. No. 11.) Seattle cites four grounds. First, Spruel's claims are barred by the statute of limitations. (*Id*. at 6–7.) Second, service was insufficient under applicable local civil rules. (*Id*. at 4–5.) Third, to the extent Spruel asserts claims based on criminal statutes, she is unable to assert the requisite private right of action for such claims. (*Id*. at 7–9.) Fourth, Spruel failed to comply with Washington's notice-of-claim statute. (*Id*. at 10–11.) Spruel, in response, filed a motion for contempt (Dkt. No. 12). She asserts that dismissal would be a due process violation, but provides no legal or factual basis for her claim. (*Id*. at 2.)

## II. DISCUSSION

Spruel cites both criminal and civil law in her complaint. (Dkt. No. 1-3.) In as much as this Court can interpret the complaint, all of her allegations are, essentially, civil rights violations. She alleges Seattle Police Officers refused to assist her and did so based upon impermissible grounds.[1] 42 U.S.C. §§ 1981, 1983, 1985. But, based on the relevant statute of limitations for such claims, Spruel fails to state a claim for which this Court can grant relief. Fed.

---

[1] As a pro se petitioner, this Court is required to construe Spruel's complaint liberally. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008); *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (a court should not dismiss pro se petitioner's complaint comprised of "rambling and vituperative narrative plagued with errors in grammar and spelling" out of hand if it can be gleaned that the complainant is describing impermissible acts engaged in by police officers under the color of state law.).

R. Civ. P. 12(b)(6). Therefore, her claim must be dismissed. The Court need not reach Defendant Seattle's remaining arguments for dismissal.

A motion to dismiss on the pleadings may be granted on the basis of an expired statute of limitations if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff. *Al–Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). In addition, although Rule 15(a) requires that leave to amend be freely given when justice so requires, leave may be denied if amendment of the complaint would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

This court treats claims brought under 42 U.S.C. §§ 1981, 1983, and 1985 as personal injury actions. *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991). Therefore, state law controls the statute of limitations. *See Donoghue v. Orange Cty.*, 848 F.2d 926, 929 (9th Cir. 1987) (as applied to a § 1983 claim); *Taylor v. Regents of Univ. of Calif.*, 993 F.2d 710, 711 (9th Cir. 1993) (as applied to § 1981 and § 1985 claims). While state law governs the period of limitations, federal law governs when that period commences. *Hoesterey v. Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991). This occurs when "a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. Finally, the Court also borrows the state's tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). In Washington, a statute of limitations may be tolled during a potential plaintiff's minority, incompetency, incarceration, or military enlistment of the potential plaintiff. RCW §§ 4.16.190, 38.58.090. Additionally, equitable tolling is permissible "when justice requires." *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998). It is the plaintiff's burden to establish a factual basis for tolling the statute. *Rivas v. Overlake Hosp. Med. Ctr.*, 189 P.3d 753, 755 (Wash. 2008).

Spruel's civil right claims against Seattle are barred under the applicable three year statute of limitations. Wash. Rev. Code. § 4.16.080(2).  The events at issue occurred between

August and October 2013—more than three years before she filed her complaint. (Dkt. No. 1-3 at 1.) In addition, the complaint indicates that Spruel contemporaneously knew of the conduct about which she now brings suit. (*Id*. at 1–4.) Finally, Spruel provides no factual basis supporting equitable tolling. (*Id*.)

Spruel's complaint, even when read with the required liberality, does not demonstrate a basis to avoid the statute of limitations bar. Nor could amendment remedy this infirmity. Dismissal with prejudice is appropriate.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 11) is GRANTED.

DATED this 19th day of September 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE